# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSE MOTES,<br><br>            Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>            Defendants. | CIVIL ACTION NO. 1:23-CV-00629<br><br>(MEHALCHICK, J.) |

## **MEMORANDUM**

Plaintiff Rose Motes ("Plaintiff") initiated this action by filing a complaint on April 14, 2023. (Doc. 1). On September 26, 2023, Plaintiff filed the operative second amended complaint against Defendants the United States of America (the "United States"), Goodwill Keystone Area ("Goodwill Keystone"), and Goodwill Industries ("Goodwill")[1] (collectively, "Defendants"). (Doc. 24). Before the Court are two motions for summary judgment, filed by the United States and Goodwill Keystone respectively. (Doc. 56; Doc. 58). For the reasons provided herein, both motions are **GRANTED**.[2] (Doc. 56; Doc. 58).

---

[1] Goodwill Keystone notes that it is "incorrectly referred to as Goodwill Industries, Inc. and Goodwill Industries-Keystone" on the docket. (Doc. 58, at 1). Goodwill is also referred to as Goodwill Industries, Inc. and Goodwill Industries International, Inc. on the docket and is a separate defendant from Goodwill Keystone. (Doc. 24, at 2).

[2] Plaintiff does not oppose Goodwill Keystone's motion for summary judgment, stating "Plaintiff will not oppose the motion for summary judgment of Defendant Goodwill Keystone Area." (Doc. 67, at 5). Accordingly, Goodwill Keystone's motion for summary judgment is **GRANTED**. (Doc. 58).

I.   **BACKGROUND AND PROCEDURAL HISTORY**

The following background is taken from the parties' statements of material facts and responses thereto.[3] (Doc. 55; Doc. 68). On January 21, 2022, Plaintiff fell outside the Ronald Reagan Federal Building and Courthouse in Harrisburg, Pennsylvania (the "Federal Building"). (Doc. 55, ¶¶ 8-10; Doc. 55-2, ¶ 11; Exhibit 3 DVD, at 15:55:28-15:55:36; Doc. 68, ¶¶ 8-10). On January 21, 2022, Plaintiff went to the Federal Building to inquire about a friend and to drop off paperwork. (Doc. 55, ¶ 1; Doc. 55-1, at 9; Doc. 68, ¶ 19; Doc. 68-3, at 30). Plaintiff exited the Federal Building and began to walk to her car. (Doc. 55, ¶¶ 3, 7-9; Doc. 55-2, ¶ 11; Exhibit 3 DVD, at 15:55:28-15:55:36; Doc. 68, ¶¶ 8-9). Plaintiff fell while she was walking to her car. (Doc. 55, ¶ 9; Doc. 55-2, ¶ 11; Exhibit 3 DVD, at 15:55:28-15:55:36; Doc. 68, ¶¶ 8-9). A security camera outside of the federal building captured Plaintiff's fall on video. (Doc. 55, ¶ 10; Exhibit 3 DVD, at 15:55:28-15:55:36; Doc. 68, ¶ 19). The video shows Plaintiff exiting the Federal Building before tripping, stumbling a few feet, and falling. (Exhibit 3 DVD, at 15:55:28-15:55:36).

On November 26, 2023, Plaintiff filed the operative second amended complaint alleging Defendants are liable for negligence under the Federal Tort Claims Act ("FTCA"). (Doc. 24, ¶¶ 21-33). On January 10, 2024, Plaintiff voluntarily dismissed Goodwill from this action. (Doc. 38). On January 2, 2025, the United States moved for summary judgment on Plaintiff's FTCA claim. (Doc. 55; Doc. 55-1; Doc. 55-2; Doc. 55-3; Doc. 55-4; Doc. 55-5; Doc. 56; Doc. 57; Exhibit 3 DVD). On February 22, 2025, Plaintiff filed a brief in opposition to the

---

[3] Pursuant to Local Rule 56.1, the Court accepts as true all undisputed material facts supported by the record. Where the record evinces a disputed fact, the Court will take notice. The facts have been taken in the light most favorable to the non-moving party with respect to each motion.

United States' motion for summary judgment, as well as a counterstatement of facts and corresponding exhibits. (Doc. 67; Doc. 68; Doc. 68-1; Doc. 68-2; Doc. 68-3; Doc. 68-4; Doc. 68-5; Doc. 68-6). On March 24, 2025, the United States filed a reply brief. (Doc. 76). Accordingly, the motion for summary judgment is now ripe and ready for disposition. (Doc. 55; Doc. 56; Doc. 57; Doc. 67; Doc. 68; Doc. 76).

**II.     MOTION FOR SUMMARY JUDGMENT STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." *See* M.D. Pa. L.R. 56.1.

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories, or the like to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Furthermore, mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid summary judgment when uncorroborated and contradicted by other evidence of record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential) ("[U]nsupported deposition testimony, which is contradicted by the record, is insufficient to defeat summary judgment."); *Nat'l Labor Rel. Bd. v. FES*, 301 F.3d 83, 95 (3d Cir. 2002) ("[The plaintiff's] testimony. . . amounts to an

unsupported, conclusory assertion, which we have held is inadequate to satisfy the movant's burden of proof on summary judgment.").

**III.   DISCUSSION**

The second amended complaint alleges that the United States is liable under the FTCA for negligence because it allowed snow and ice to accumulate on the sidewalk outside of the Federal Building which caused Plaintiff to slip and fall. (Doc. 24, ¶¶ 11, 21-32). The United States avers it is entitled to summary judgment because video footage of Plaintiff's fall shows there was no snow and ice in the area where Plaintiff fell. (Doc. 57, at 21). In response, Plaintiff argues this fall was "caused by raised caulking in a seam between two square sidewalk sections" and the United States is liable under the FTCA for their failure to remove this dangerous condition. (Doc. 67, at 9).

The FTCA states "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C.A. § 2674. "[T]he extent of FTCA liability is generally determined by reference to state law." *Molzof v. United States*, 502 U.S. 301, 301 (1992). Pennsylvania tort law governs FTCA claims arising from torts which occurred in Pennsylvania. *Howard v. United States*, 488 F. App'x 576, 578 (3d Cir. 2012).

Under Pennsylvania law, to establish negligence a "plaintiff must show: (1) that the defendant owed him a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual injury." *Howard*, 488 F. App'x at 578. "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land." *Kirschbaum v. WRGSB Assocs.*, 243 F.3d

145, 152 (3d Cir. 2001). "An 'invitee' includes 'a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.'" *DeBiase v. Hersheypark*, No. 4:06-CV-1278, 2007 WL 4095611, at *5 (M.D. Pa. Nov. 15, 2007) (quoting *Cresswell v. End*, 831 A.2d 673, 675-76 (Pa.Super.Ct. 2003)). If a property's dangerous conditions cause injury to invitees of the property, the possessor of the property is liable for those injuries if they:

> (a) know[] or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that [invitees] will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) [the possessor of land] fails to exercise reasonable care to protect [invitees] against the danger.
>
> *Kirschbaum*, 243 F.3d at 152.

A defendant possessor of property is entitled to summary judgment if the plaintiff invitee fails to "identify the dangerous condition that caused her injuries." *DeBiase*, 2007 WL 4095611, at *5. Further, under Federal Rule of Civil Procedure 8, the complaint must identify the plaintiff's theory of negligence. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding a complaint must "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests"); *see also Garcia v. Treetops*, Inc., No. 3:14-CV-00399, 2016 WL 4493352, at *3 (M.D. Pa. Aug. 26, 2016) (declining to consider a theory that a staircase was dangerous due to its railing because the complaint only alleged the staircase was dangerous due to its carpeting); *cf. Laurie v. Nat'l Passenger R.R. Corp.*, 105 F. App'x 387, 392 (3d Cir. 2004) (stating "[c]ourts have been reluctant to allow plaintiffs to add new theories of liability after summary judgment arguments have been completed" and finding "the District Court

did not abuse its discretion in refusing to allow plaintiffs to assert [a new] negligence theory of liability at such a late stage").

Here, the United States is entitled to summary judgment because Plaintiff has failed to identify the dangerous condition that caused her injuries in the second amended complaint. *DeBiase*, 2007 WL 4095611, at *5. The record reflects that Plaintiff entered the Federal Building to inquire about a friend and drop off paperwork. (Doc. 55, ¶ 1; Doc. 55-1, at 9; Doc. 68, ¶ 19; Doc. 68-3, at 30). Plaintiff is an invitee, as she entered the premises of the Federal Building to conduct business and for "the purpose for which the land is held open to the public." Restatement (Second) of Torts § 332 (Am. L. Inst. 1965); *cf. Broder v. United States*, No. CV 22-37, 2022 WL 17721054, at *2 (E.D. Pa. Dec. 15, 2022) (finding a plaintiff entering a post office to pick up mail was an invitee). The United States does not contest that it had a duty to invitees of the Federal Building. (Doc. 57).

In the second amended complaint, Plaintiff alleges "there existed a dangerous, hazardous, and unsafe condition on the sidewalk [outside the Federal Building] that was covered in snow and ice." (Doc. 24, ¶ 10). Because of this dangerous condition, Plaintiff alleges she "slipped on ice and fell forward." (Doc. 24, ¶ 11). Video footage from a surveillance camera outside the Federal Building shows Plaintiff exiting the Federal Building and tripping and falling on the sidewalk. (Exhibit 3 DVD, 15:55:28-15:55:36). The footage shows that the sidewalk was clear of ice and snow at the points where Plaintiff tripped, stumbled, and then fell. (Exhibit 3 DVD, at 15:55:33-15:55:35). There is no genuine dispute of material fact where video footage unambiguously contradicts a plaintiff's allegations. *See Scott v. Harris*, 550 U.S. 372 (2007) (reversing the lower courts' denial of summary judgment because the plaintiff's allegations were "so utterly discredited by [video footage] that no

7

reasonable jury could have believed him"); *see also Miller v. Machuga*, No. CV 3:17-0771, 2022 WL 852855, at *3 (M.D. Pa. Mar. 22, 2022) (holding "summary judgment is entirely appropriate" where video footage contradicts a plaintiff's allegations). Thus, based on the video footage introduced in this case, there is no dispute of genuine material fact that the sidewalk was clear of snow and ice. (Exhibit 3 DVD, at 15:55:33-15:55:35).

   Plaintiff does not dispute that Plaintiff did not slip and fall on ice and snow. (Doc. 67). Instead, in her brief in opposition, Plaintiff relies on a new theory that her fall was "caused by raised caulking in a seam between two square sidewalk sections." (Doc. 67, at 9-12). The second amended complaint does not raise this theory or otherwise contemplate this raised caulking. (Doc. 24). "Because [Plaintiff] failed to plead this particular defect theory in her complaint, this Court is not required to consider it." *Garcia*, 2016 WL 4493352, at *3. Under Federal Rule of Civil Procedure 8, a complaint must adequately give defendants notice of the claims against them and the relevant theories of liability. *See Bell Atl. Corp.*, 550 U.S. at 555 (holding a complaint must "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests"); *see also Garcia, 2016 WL 4493352*, at *3. However, at this stage of litigation, "'Plaintiff's counsel cannot reasonably expect to amend the complaint after the close of discovery merely by raising new arguments in the responsive papers' to a motion for summary judgment." *Carr v. Gillis Associated Indus., Inc.*, 227 F. App'x 172, 176 (3d Cir. 2007) (citing *Speziale v. Bethlehem Area Sch. Dist.*, 266 F. Supp. 2d 366, 371 (E.D. Pa. 2003)); *cf. Taylor*, 536 F. App'x at 203 (finding plaintiff waives a claim if "it was not raised in the complaint and he did not amend the complaint to include it"). Because Plaintiff did not raise her theory that the dangerous condition was caused by raised caulking, instead only specifying that the United States was liable for negligence due to its failure to clear snow and ice, this theory will

not be considered now. *Cf. Laurie,* 105 F. App'x at 392 (finding "the District Court did not abuse its discretion in refusing to allow plaintiffs to assert [a new] negligence theory of liability [after summary judgment]"); *cf. Meadows v. Anchor Longwall & Rebuild, Inc.*, 455 F. Supp. 2d 391 (W.D. Pa. 2006) (declining to consider plaintiff's design defect theory because the complaint only alleged a theory that a specific valve malfunctioned); *cf. In re Paulsboro Derailment Cases*, No. 12-7468, 2015 WL 4914397, at *8 (D.N.J. Aug. 18, 2015) (determining an alternative theory of negligence was not "properly before the Court" when it was not raised in the complaint). Accordingly, as there is no genuine issue of material fact surrounding the presence of ice and snow outside the Federal Building, the United States' motion for summary judgment is **GRANTED**. (Doc. 56).

IV. **CONCLUSION**

Based on the foregoing, the United States' motion for summary judgment is **GRANTED**. (Doc. 56). Goodwill Keystone's motion for summary judgment is **GRANTED**. (Doc. 58). As Plaintiff's FTCA claim is the sole claim in this case, her second amended complaint will be **DISMISSED** with prejudice. (Doc. 24). The Clerk of Court is directed to **CLOSE** this case.

An appropriate Order follows.

Dated: July 7, 2025                                    *s/ Karoline Mehalchick*
                                                       **KAROLINE MEHALCHICK**
                                                       **United States District Judge**